## Brashear v. Dwight et al.

After the dissolution of a partnership, and notice thereof by an advertisement in the newspaper of the village where the partnership business was carried on, service of citation upon one of its members will not authorise a judgment against the rest. In a direct action against a partner, for dealings had with the firm after its alleged dissolution, the fact that plaintiffs were in the habit of dealing with the partnership, would render it necessary to bring notice of the dissolution home to them, otherwise than by notice in a newspaper; but this fact cannot affect the manner of bringing the partners of a dissolved partnership into court.

APPEAL from the District Court of St. Mary, *Boyce*, J. *Brent*, for the plaintiff, contended that the judgment was correctly annulled for want of citation. C. P. 606, § 4. 1 Mart. N. S. 9. 3 Ib. N. S. 327. 8 Ib. N. S. 145. 1 Rob. 30. After dissolution of a partnership, citation must be served on all the partners individually. 17 La. 42. *Dwight*, on the same side. *Splane*, for the

BRASHEAR
v.
DWIGHT.

appellants, contended that, without personal notice of the dissolution, defendants, being dealers with the firm, could not be affected by it. 1 Collyer on Part. pp. 75, 154. 3 Kent's Comm. 38. Story on Part. ss. 84, 334, 335.

The judgment of the court was pronounced by

ROST, J. The plaintiff, one of the partners of the late firm of *Bemiss, Brashear & Co.*, enjoined an execution issued upon a judgment obtained by the defendants against said firm, on various grounds, among which it is only necessary to notice the following: 1. That the citation in the original suit was served upon *Cyrus Eggery*, one of the partners, long after the partnership had been dissolved, and the dissolution advertised according to law. 2. That plaintiff never was cited, and was not aware of the proceedings until the sheriff seized his property; and that the judgment is, as to him, an absolute nullity. The defendants filed a general denial, averred that their proceedings were regular and binding upon the plaintiff, and prayed for the dissolution of the injunction with interest and damages. The court below having annulled the judgment and perpetuated the injunction, the defendants appealed.

It is satisfactorily proved that, before the institution of the suit, the partnership of *Bemiss, Brashear & Co.* had been dissolved, and the dissolution advertised in the newspaper of the village where it had been carried on. It is contended that the plaintiffs in the suit were in the habit of trading with the firm, and that notice of the dissolution should have been brought home to them, otherwise than by publications in the newspapers. That ground would be well taken, if the object of the plaintiff had been to make the defendant liable, in a direct action against him, for dealings had with the firm after its alleged dissolution; but it does not affect the manner of bringing the partners of a dissolved partnership into court, and the authorities cited in behalf of the defendants are not applicable to the case. It appears by the notice of dissolution, that the plaintiff remained charged with the affairs of the firm. The entries made by him in its books in 1836, were no doubt made in his capacity of liquidating partner.

We are satisfied that the plaintiff was entitled to personal citation, and that, for want of it, the judgment cannot be executed against him.

*Judgment affirmed,*